Anthony R. TURNER, Plaintiff—Appellant,

v.

C. VILLASENOR; et al., Defendants—Appellees.

No. 05–15662.

United States Court of Appeals, Ninth Circuit.

---

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Nov. 6, 2006 *.

Filed Nov. 15, 2006.

Kelli Marie Hammond, AGCA—Office of the California Attorney General (Sac), Sacramento, CA.

Anthony R. Turner, Pleasant Valley State Prison, Coalinga, CA, for Plaintiff–Appellant.

Allen Robert Crown, Esq., AGCA—Office of the California Attorney General (SF), San Francisco, CA, Defendants–Appellees.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

California State prisoner Anthony R. Turner appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging defendants were deliberately indifferent to his safety and medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

█ The district court properly granted summary judgment on the claim that defendant Villasenor violated Turner's rights when he opened Turner's cell door, because Turner failed to create a genuine issue of material fact as to whether Villasenor knew of, and disregarded, the risk that this action would break Turner's finger. *See Farmer v. Brennan,* 511 U.S. 825, 837,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("a prison official cannot be found liable [for deliberate indifference] unless the official knows of and disregards an excessive risk to inmate health or safety").

■ The district court also properly granted summary judgment in favor of defendant Miller, because the evidence does not create a material issue of fact as to whether Miller's attempts to treat Turner's finger were medically unacceptable under the circumstances or chosen in conscious disregard of an excessive risk to Turner's health. *See Toguchi,* 391 F.3d at 1058.

Turner's remaining contentions lack merit.

All pending motions are denied.

**AFFIRMED.**

